UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Classy Lady, Inc., )
 )
    *Plaintiff*, )
 )
v. ) No.: 3:13-CV-739-PLR-CCS
 )
Nationwide Mutual Insurance Co., )
 )
    *Defendant*. )

**MEMORANDUM OPINION**

This dispute over insurance coverage comes before the Court on the defendant Nationwide Mutual Insurance Company's motion for summary judgment. [R. 5]. Also before the Court is the plaintiff's motion for leave to file a response to the defendant's reply brief. [R. 19]. For the reasons discussed below, the plaintiff's motion for leave to file a response will be denied, and the defendant's motion for summary judgment will be granted.

**I. Standard of Review**

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986); *Burchett v. Keifer,* 301 F.3d 937, 942 (6th Cir. 2002). Courts may not resolve genuine disputes of fact in favor of the movant. *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) (vacating lower court's grant of summary judgment for "fail[ing to] adhere to the axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor") (internal quotations and citations omitted).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Id*. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id*. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co*., 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## II. Background

The plaintiff, the operator of a retail store in Knoxville, Tennessee, filed claims with Nationwide for damage to its store and two vehicles allegedly sustained as a result of a storm that occurred on April 27, 2011.[1] Nationwide investigated the claims and issued a check for $2,245.20 on May 23, 2011 for damage to one of the vehicles. Additionally, Nationwide determined that some of the reported damage to the store was covered under the policy, and it issued a check for $3,554.33 in July 2011. The plaintiff's president, David Horner, communicated to Nationwide that this amount would not cover the damage to the store, so Nationwide reopened the claim and sent an engineer to inspect the premises. The engineer concluded that the problems in the plaintiff's roof were caused by cracks, gaps, and loose areas of the membrane seams resulting from wear and tear and a lack of maintenance. Because maintenance issues and wear and tear are not covered under the applicable policy, the reopened claim was denied. Nationwide told Mr. Horner about the engineer's report in November 2011, and in January 2012, Nationwide sent a denial letter to the plaintiff via regular U.S. mail.

On March 6, 2012, Nationwide issued a check for the second vehicle in the amount of $8,8272.00. Also in March 2012, Mr. Horner contacted Nationwide and requested a copy of the engineer's report, which Nationwide sent to him. The plaintiff eventually filed the present suit on November 22, 2013.

The plaintiff's insurance policy provides that "[n]o one may bring a legal action against [Nationwide] under this insurance unless . . . [t]he action is brought within 1 year after the date on which the direct physical loss or damage occurred." It also provides that Nationwide will give notice of its intentions within 30 days of receiving a sworn proof of loss, and that

---

[1] The plaintiff contends the store and vehicles were covered by the same policy whereas the defendant contends they were covered by separate policies.

3

Nationwide would provide the plaintiff with forms necessary to submit a sworn proof of loss. Nationwide never provided the plaintiff with the sworn proof of loss forms, and the plaintiff never submitted a sworn proof of loss.

### III. Discussion

Under Tennessee law, a provision in an insurance contract limiting suit or action on the policy to one year after the date of the loss is read to limit suits to one year after the cause of action accrues. *See, e.g.*, *Das v. State Farm Fire and Cas. Co.*, 713 S.W.2d 318, 322 (Tenn. Ct. App. 1986) (citing *Boston Marine Insurance Co. v. Scales*, 101 Tenn. 628, 641 (Tenn. 1899)). The cause of action accrues "upon denial of liability or upon expiration of the immunity period, whichever comes first." *Certain Underwriters at Lloyd's of London v. Transcarriers, Inc.*, 107 S.W.3d 496, 799 (Tenn. Ct. App. 2002).

In this case, the defendant issued a denial on January 4, 2012, when it mailed the denial to the plaintiff. The denial letter unequivocally states, "[a]fter carefully considering the evidence, we have determined that the claim in question is not a covered loss. The damages to your roof appear to be related to wear and tear or faulty construction that are allowing rain water to enter and stain the ceiling. For this reason, payment cannot be made." [R. 5-1, p. 104]. Accordingly, the plaintiff had until January 4, 2013 to bring its lawsuit. It did not do so until November 2013.

The plaintiff makes four arguments for why this case should not be dismissed on limitations grounds. *First*, the plaintiff's president testified that he "[has] no recollection of ever receiving a letter from Mr. Lippard denying [his] claim." [R. 11-1, p. 4]. *Second*, the plaintiff argues that it was lulled into believing Nationwide would pay its claim for roof damage because Nationwide paid for damage to one of the plaintiff's automobiles after denying the roof damage

4

claim. *Third*, the plaintiff contends that Nationwide is estopped from relying on the contractual limitations period because it failed to send the plaintiff the necessary forms for submitting a signed, sworn proof of loss. *Finally*, the plaintiff argues that summary judgment is premature because discovery has not been completed.

The plaintiff's president's testimony—that he has no recollection of receiving the denial letter—is insufficient to create a genuine dispute of material fact. The plaintiff does not dispute that Nationwide mailed the letter, that the address on the letter was correct, or even that Classy Lady received the letter. Mr. Horton simply does not recall receiving it. In Tennessee there is rebuttable presumption that a properly mailed letter has been delivered to and received by the addressee. *Bd. of Prof'l Responsibility v. Curry*, 266 S.W.3d 379, 389 (Tenn. 2008). To overcome this presumption, the addressee must present credible evidence of non-receipt." *Id*. The plaintiff has not done so.

Affidavits stating that the affiant "does not know" or "does not recall" facts raised in a summary judgment motion do not meet the personal knowledge requirement under Rule 56(c)(4) of the Federal Rules of Civil Procedure. *See Hadley v. Inmon*, 2006 WL 141750, at *8 (E.D. Tenn. January 18, 2006) (collecting cases). In *Hadley*, Judge Jordan explained:

> Their statements that they "do not recall" signing the Assignment also do not demonstrate the personal knowledge required under Rule 56[(c)(4)]. In this context, stating "I did sign" or "I did not sign" the Assignment would demonstrate facts based on personal knowledge. The statement "I do not recall signing an Assignment of Bid" is not based on facts that satisfy the personal knowledge requirement of Rule 56[(c)(4)] and does not defeat summary judgment. Accordingly, the validity of the Assignment of Bid is not in question."

*Id.* at *9. Likewise, Mr. Horton's statement in the present case that he does not recall receiving the denial letter is not based on facts that satisfy the personal knowledge requirement of Rule 56.

5

Accordingly, that Nationwide issued a denial of the claim in January 2012 is not in question. The plaintiff's complaint, filed in November 2013, 22 months after the denial letter, is untimely.

The plaintiff next contends that Nationwide's "business practices have lulled [the plaintiff] into believing that its claim might get paid by making three separate payments spread out over almost two years." [R. 12, p. 6]. This argument is based on the plaintiff's allegation that Nationwide told Mr. Horton that the claim for automobile damage was covered by the same policy as its roof claim. Therefore, the plaintiff argues, Nationwide's payment in March 2012 on the second automobile claim led the plaintiff to believe its roof claim might still be paid. This contention is unavailing. The denial letter sent in January 2012 unequivocally stated that the plaintiff's roof claim would not be paid. There is no logical reason to believe payment for damage to the second automobile changed the fact that the plaintiff's claim for damage to its roof had been denied.

The plaintiff's argument that Nationwide should be precluded from relying on the contractual limitations period because it did not provide the plaintiff with the proof-of-loss forms is equally unavailing. The plaintiff fails to take into account the fact that Nationwide never requested a proof of loss from the plaintiff, nor did Nationwide deny the plaintiff's roof damage claim for its failure to provide a signed, sworn proof of loss. The proof-of-loss forms are for the benefit of the defendant, and there is no reason the defendant cannot proceed with a claim without them.

Finally, the plaintiff argues that summary judgment is not appropriate at this juncture because the parties have not completed discovery. Under Federal Rule of Civil Procedure 56(d), a nonmovant may request that the court deny or defer ruling on a motion for summary judgment when essential facts are unavailable to the nonmovant. In such a motion, a party must "indicate

6

to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). The plaintiff has not done so.

The plaintiff's motion is based almost solely on the fact that the plaintiff has not had an opportunity to depose Anthony Lippard, who submitted an affidavit on behalf of Nationwide's motion for summary judgment. The plaintiff does not indicate what material facts it hopes to uncover, nor does the plaintiff specify how deposing Mr. Lippard or conducting any other discovery is necessary to respond in opposition to the defendant's summary judgment motion. Because the plaintiff has not met its burden under Rule 56(d), and because there are no genuine issues of material fact, summary judgment is appropriate at this time.

### IV. Motion for Leave to File Response

Under Local Rule 7.1, the plaintiff has moved for leave to file a response to the defendant's reply brief. [R. 19]. In its motion, the plaintiff notes that Nationwide's reply brief cites various authorities for the proposition that Tennessee law recognizes the rebuttable presumption that a properly mailed letter has been delivered and received by the addressee. Accordingly, the plaintiff seeks an opportunity to brief the Court on the law as it relates to proof that denial letters sent by insurance companies were received by the addressee.

The plaintiff had the opportunity to address this issue in its response in opposition to Nationwide's motion for summary judgment. Nationwide's summary judgment motion clearly relied on the fact that it mailed the denial letter to the plaintiff in January 2012. The plaintiff's response acknowledged as much when it stated that Nationwide "has presented no evidence that Horner or any representative of Classy Lady actually received [the] denial letter." [R. 12, p. 8]. If the plaintiff wished to brief the Court on the law regarding the presumption that a properly

7

mailed letter has been received by the addressee, it should have done so in its response. Accordingly, the plaintiff's motion will be denied.

## V.  Conclusion

For these reasons, the plaintiff's motion for leave to file a response to the defendant's reply brief [R. 19] is **DENIED**.  The defendant's motion for summary judgment [R. 5] is **GRANTED**, and the plaintiff's complaint is dismissed in its entirety.

_____
**UNITED STATES DISTRICT JUDGE**